Attachment A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

_Jeffrey Cohen_

FILED

JUL 30 2020

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

_Your full name_

**FEDERAL TORTS CLAIM ACT
COMPLAINT**

v.

Civil Action No.:  _5:20 cv 219_
_(To be assigned by the Clerk of Court)_

_Bailey, Mazzone, Blaloch_

UNITED STATES OF AMERICA

## I.    JURISDICTION

The Court has jurisdiction over this action pursuant to: Title 28 U.S.C. Section 2671, et seq. (FTCA) and Title 28 U.S.C. Section 1346(b)(1).

## II.    PLAINTIFF

_In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided._

A.    Your full name: _Jeffrey Cohen_    Inmate No.: _58021-037_
Address: _FCI Gilmer  PO Box 6000  Glenville, WV 26351_

## III.    PLACE OF PRESENT CONFINEMENT

Name of
Prison/Institution: _FCI Gilmer_

A.    Is this where the events concerning your complaint took place?
☐ Yes    ☒ No

---

**Attachment A**

If you answered "NO," where did the events occur?

_FCI Hazeltan – Bruceton Mills, WV_

IV.   PREVIOUS LAWSUITS

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?    ☒ Yes ✠    ⸱ ⊺ No

✠ The negligence claims pursuant to FTCA were not permitted by the court

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on  a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s): _Jeffrey Cohen_
Defendant(s): _Fred Entzel, et al._

2.   Court: _ND WV._
     *(If federal court, name the district; if state court, name the county)*

3.   Case Number: _3:19-CV-52_

4.   Basic Claim Made/Issues Raised: _Bivens, Civil rights,_
     _Constitutional tort_

5.   Name of Judge(s) to whom case was assigned: _Groh_

6.   Disposition: _Dismissed – pending Appeal_
     *(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing lawsuit: _4|2019_

**Attachment A**

8.     Approximate date of disposition. Attach copies: _4/ 2020_

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☒ Yes       ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought. _FBoP Admin Remedy Program_

E.    Did you exhaust **ALL** available administrative remedies?
☒ Yes       ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted. _Form 95 filed in 2019_

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____

_____

Attachment A

2.    Name and location of court and case number: _____

_____

_____

3.    Grounds for dismissal:   ☐ frivolous      ☐ malicious
      ☐ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: _____

5.    Approximate date of disposition: _____

V.    ADMINISTRATIVE REMEDIES PURSUANT TO THE FTCA

A.    Did you file an FTCA Claim Form (SF-95), or any other type of written
      notice of your claim, with the appropriate BOP Regional Office?
      ☒  Yes        ☐  No

B.    If your answer is "YES," answer the questions below:

      1.    Identify the type of written claim you filed: _personal injury / property damage_

      2.    Date your claim was filed: #1 7/22/19    #2 8/22/19

      3.    Amount of monetary damages you requested in your claim:
            #1 $958    #2 $3,000,000

      4.    If you received a written Acknowledgment of receipt of your claim
            from the BOP, state the:

            I.    Date of the written acknowledgment: #1 8/12/19   #2 10/7/19
            ii.   Claim Number assigned to your claim: #1 TRT-MXR-2020-0070
                                                       #2 TRT-MXR-2020-0072

C.    If your claim involves individuals who are employed by government
      agencies **other than the BOP**, did you file an FTCA Claim Form (SF-95),
      or any other type of written notice of your claim with the appropriate
      government agencies?   ☐ Yes       ☐ No   N/A

Attachment A

D.  If your answer is "YES," answer the questions below:

1.  Identify the specific government agency or agencies, including the addresses, where you filed notice of your claim:

_____

_____

_____

2.  Identify the type of written claim(s) you filed: _____

_____

3.  Date your claim(s) were filed: _____

4.  Amount of monetary damages you requested in your claim(s):

_____

5.  If you received a written Acknowledgment of receipt of your claim(s), state the:

I.  Date of the written Acknowledgment: _____

ii.  Claim Number assigned to your claim: _____

E.  If the BOP (or other government agency that received notice of your claim) either denied your claim or offered you a settlement that you did not accept, please state whether you requested reconsideration of your claim.

☒ Yes        ☐ No

1.  If you answered "YES," state the:

I.  Date you requested reconsideration: #1 1/23/20   #2 2/7/20

ii.  Date the agency acknowledged receipt of your request for reconsideration: #1 2/18/20   #2 4/5/20

Attachment A

## VI.    STATEMENT OF CLAIM

*State here, as* **BRIEFLY** *as possible, the <u>facts</u> of your case.* **You must include allegations of specific wrongful conduct as to EACH and EVERY federal employee about whom you are complaining.  Describe exactly what each federal employee did.** *Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.* **UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION. NO MORE THAN FIVE (5) TYPED OR TEN (10) LEGIBLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT.  (LR PL 3.4.4)**

CLAIM 1: Entzel sanctioned Cohen to cell confinement 191 days without adhering to FBOP Regulations.

Supporting Facts: Entzel's duty to Cohen included a non-discretionary prohibition of applying any sanctions without the elaborate process established by 28 CFR 541.1, et seq. (authorized by 18 USC 4042(a)(3)).
Cont'd on attached

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Fred Entzel, FBOP

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☑ Yes        ☐  No

If your answer is "YES," please explain: Warden of FCI Hazelton

CLAIM 2: On April 25, 2019, Argir violated FBOP regulations and caused Cohen to be confined to disciplinary segregation in the FCI Hazelton SHU in retaliation for filing a civil action against the FBOP.

**Attachment A**

Supporting Facts: Argir's duty to Cohen included a non-discretionary prohibition of confinement to the SHU in violation of 28 CFR '541.23
Cont'd on attached

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:
John Doe, known as Lt. Argir — FBOP

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?  ☑ Yes    ☐ No

If your answer is "YES," please explain: Lieutenant at FCI Hazelton

CLAIM 3: Defendants failed to adhere to FBOP regulations that required intermittent reviews; prohibition of confinement in inhumane conditions; and deprivation of court access

Supporting Facts: From April 25 to June 25, 2019, Cohen was confined to the FCI Hazelton SHU. During the eight-week confinement, Cohen was denied the mandatory SHU reviews.
Cont'd on attached

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:
Eric Howell; John Squires; Lt. Rodriguez; Jose Rivera — all FBOP employees

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?  ☑ Yes    ☐ No

**Attachment A**

If your answer is "YES," please explain: All employed at FCI Hazelton

CLAIM 4: In April 2019, Yonesh violated FBOP regulations and constitutional protections by unlawfully seizing and disposing of Cohen's personal property.

Supporting Facts: Yonesh disposed of a significant amount of Cohen's property prior to the property being detained as a result of his SHU confinement. cont'd on attached

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:
D. Yonesh - FBOP

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☐ Yes    ☒ No

If your answer is "YES," please explain: _____

CLAIM 5: Defendants intentionally inflicted emotional distress on Cohen by subjecting him to harms not a part of his sentence.

Supporting Facts: Entzel was aware of the risk of harm when he sanctioned Cohen. Howell, Rodriguez, Squires, and Rivva were aware of the risk of harm when they deprived Cohen of humane conditions and court access. Lt. Argir was aware of the inhumane conditions when he confined Cohen to the SHU.

Attachment A

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Fred Entzel; Eric Howell; Lt. Rodriguez; John Squires; Jose Rivoaj Lt. Argir are all employed by the FBOP

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?      ☑ Yes      ☐ No

If your answer is "YES," please explain: All are employed at FCI Hazelton.

## VII. INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured or your property damaged and the exact nature of your damages. _____

1. Deprivation of court access which caused lost civil judgments and litigation expenses;

2. Deprivation of personal property ($958.⁰⁰);

3. Over one year of debilitating physical harm to back and lower extremities including pain, numbness, and gait impairment;     Cont'd on attached

## VIII. RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

1. Declare that Defendants' conduct was in violation of law and negligent;

2. Enjoin the further negligent conduct of Defs. and others similarly situated;

3. Provide for adequate monetary relief in the form of compensatory damages; and

4. Assess punitive damages for Jonesh's malicious conduct; and

5. Nominal damages

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate. Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___Glenville, WV_____ on __7/15/20_____.
          (Location)                       (Date)

_____
Your Signature

Section VI Continued

Claim #1 Continued

From January 2018 to April 2019, Entzel punitively sanctioned Cohen to complete cell confinement 191 times. Entzel's conduct prevented Cohen from accessing nutritional meals and exercise which caused physical and emotional injury to Cohen. In January 2018, an X-ray taken of Cohen's back at FCI Hazelton, revealed "Multilevel degeneration and spondylitic changes", a follow-up MRI was recommended by the reviewing physician but never scheduled by the FBOP. In March 2018, Cohen returned to the prison Health Services Unit with complaints of significant pain in his back. The FBOP failed to provide medical care to Cohen.

Entzel's conduct prevented Cohen from accessing the law library, his legal work product, and communications with legal help. Entzel violated 28 CFR 541.31(i), (j); 543.11(a), (i); FBOP Prog. Stmt. 1315.07; and 28 USC 1654. The sanctions imposed by Entzel caused certain litigated actions to negatively impact Cohen which resulted in lost judgments in excess of $10 Million and lost litigation expenses of $400,000. See attached Cohen Declarations for case specifics.

Claim #2 Continued

Prior to confinement to disciplinary segregation in the SHU, CFR Section 541.23 requires "clearly articulated objective evidence" proving two factors: (1) an inmate's presence in the general population poses a threat to life, property, self, staff, other inmates, the public, or to the security of orderly running of the institution"; and (2) [s/he] is pending transfer to another institution or location. Lt. Argir confined Cohen to the SHU without either applicable factor.

One week prior to Cohen's SHU confinement, the prison administration received notice that Cohen had filed a civil action against the Warden. As shown below in Claim #3, the conditions in the SHU caused significant physical and emotional injury to Cohen. The harm would not have been incurred without Argir's negligent conduct.

Claim #3 Continued

The 3, 7, and 30-day reviews required by 28 CFRs 541.26; 541.32(b), where Cohen would have been able to attend and challenge his conditions of confinement were not held.

28 CFR 541.20(a) requires inmates to be "housed in the least restrictive setting necessary", and mandates that "living conditions for inmates...will meet or exceed applicable standards." Section 541.31 mandates that "living conditions in the SHU will meet or exceed standards for healthy and humane treatment". Specifically, FBOP regulations require a mattress and

pillow, hygiene products, access to personal property and legal work product, clean clothes and linens, and constant opportunity to exercise out of cell. As detailed in the Cohen Declaration, Howell, Rodriguez, and Squires violated multiple FBOP regulations by depriving Cohen of all rights and privileges. Cohen's forced existence in inhumane conditions caused significant debilitating injury to his back and lower extremities; and serious emotional trauma. Particularly harmful was Defendants' conduct that forced Cohen to sleep on a steel slab for two months.

Also, Howell, Rodriguez, Squires, and Rivera violated 28 CFR 541.31(i), (j); 543.11(a), (i); FBOP Prog. Stmt. 1315.07; and 28 USC 1654 by preventing Cohen from accessing the law library, his legal work product, and communications to legal help. Defendants' conduct caused certain litigated actions to negatively impact Cohen which resulted in lost judgments for compensatory and injunctive relief, litigation expenses of $500, and harmed his change for success for habeas relief. See attached Declarations for case specifics.

Claim #4 Continued

Yonesh's conduct was observed by an independent witness who has detailed the events in writing. FBOP Prog. Stmt. 5580.08 requires the secure storage of an inmate's property, and FCI SHU Supp. (1/5/18) requires an inmate "be given the opportunity to review their personal property after it has been inventories and delivered to the [SHU]". Neither regulation was adhered to and Yonesh disposed of a large amount of Cohen's property.

Section VII (Injury) Continued

4. Denial of medical care and denial of proscribed podiatric devices causing debilitating pain and inability to walk properly.

5. Confinement in inhumane conditions and deprivations of basic necessities.

6. Deprivation of protected rights and privileges.

7. Over one-year of continuous emotional trauma including depression, nightmares, cold sweats, pain, personal indignity, fear, anxiety, and anguish.