## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**JEFFREY COHEN,**

        Plaintiff,

v.                                                                    **Civil Action No. 5:20-cv-219**
                                                                              Judge Bailey

**UNITED STATES OF AMERICA,**

        Defendant.

### REPORT AND RECOMMENDATION ON PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND REQUEST
### FOR ISSUANCE OF WRIT OF MANDAMUS

### BACKGROUND

The Plaintiff, a federal inmate, initiated this *pro se* case on July 30, 2020, by filing a Federal Torts Claim Act ("FTCA"). The plaintiff has paid the $400 filing fee and is not proceeding *in forma pauperis*. Currently pending is the plaintiff's Omnibus Motion which includes a request that the Court issue a Preliminary Injunction and a Writ of Mandamus.[1]

In his Motion for a Preliminary Injunction, the plaintiff recites the standard for issuing a preliminary injunction and asks the Court to issue a preliminary injunction to "prohibit the unlawful conduct of the newly added Defendant." [Doc. 6 at 3].

### ANALYSIS

A preliminary injunction is "an extraordinary remedy that only may be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum

---

[1] The Omnibus Motion also includes a motion to file an amended complaint and a request for appointment of counsel. The undersigned has issued an Order denying the plaintiff's request for appointment of counsel and a separate Order granting in part the plaintiff's motion to file an amended complaint.

Co., 649 F.2d 287, 290 (4th Cir. 2011)(quoting Winter v. Natural Res. Def. Counsel, Inc., 55 U.S. 7 (2008)); see Peterson v. National Telecommunications & Information Admin., 505 F. Supp.2d 313, 317 (E.D. Va. 2006) (quoting Direx Israel Ltd. V. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992)) (recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted); See Direx, 952 F.2d at 812) (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In Dewhurst, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that a plaintiff "**clearly show**" that he is likely to succeed on the merits. Id. Winter, 555 U.S. at 22.(emphasis added.).

The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form a preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 Fed .3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary

injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief'). As explained by the Fourth Circuit:

> Ordinarily, preliminary injunctions are issued to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litg., 333 F.3d 517, 525 (4th Cir. 2003). Movant, however, seeks to alter the status quo by having a federal court order the Board to include his name on a primary election ballot. But such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). Consequently, our "application of th[e] exacting standard of review [for preliminary injunctions] is even more searching when the relief requested "is mandatory rather than prohibitory in nature." Id.

Here, although it is not clearly stated, it appears that the plaintiff seeks a mandatory injunction requiring access to the law library, the ability to receive legal help, and to be served meals that adhere to the National Menu as mandated by BOP Program Statement 4700.06.[2] However, an analysis of the Winter factors reveals that Plaintiff's motion for preliminary injunction fails as he has not made a clear showing that he is likely to succeed on the merits of his Complaint. First, the plaintiff's FTCA has yet to be served, and the plaintiff will be responsible for perfecting service because he is not proceeding *in forma pauperis*. Therefore, the Court has no records available regarding any of the plaintiff's allegations. Second, while the plaintiff has been granted leave to amend his complaint, his proposed amended complaint has been ordered struck from the record because it does not

---

[2]The undersigned assumes the plaintiff is seeking this relief based on the allegations in his proposed amended complaint. [Doc. 6-1].

comply with the Local Rules of Prisoner Litigation, and accordingly, the allegations raised in the amended complaint are not presently before the Court. Finally, it should be noted that the plaintiff is pursuing a complaint pursuant to the FTCA, and the only relief available in such a complaint is monetary relief. Injunctive relief is not available, and accordingly, it would appear improper to issue a preliminary injunction.  Rather, to the extent the plaintiff is seeking relief other than a monetary award, he must file a Bivens action against individual defendants.

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the plaintiff's Omnibus Motion **[Doc. 6]** as it relates to his Motion for a Preliminary Injunction be **DENIED** and his Request for Issuance of Writ of Mandamus be **DENIED AS MOOT**.[3]

---

[3] Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction.  28 U.S.C. § 1651.  "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976).  "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable."  In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).  More specifically, the party seeking mandamus relief  must demonstrate the following five requirements:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 522 (4th Cir. 1999).

To the extent the plaintiff seeks a Writ of Mandamus, he must file a Petition for a Writ of Mandamus, which is a separate action which would be assigned its own civil action number and would require a separate filing fee.  Mandamus is not available by filing a

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

 The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 2, 2021

                                               */s James W. Mazzone*
                                               JAMES W. MAZZONE
                                               UNITED STATES MAGISTRATE JUDGE

---

motion in an existing  FTCA. Complaint.