## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**JEFFREY COHEN,**

       Plaintiff,

v.

       **CIVIL ACTION NO. 5:20-CV-219**
       Judge Bailey

**UNITED STATES OF AMERICA,**

       Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 2, 2021, wherein he recommends that plaintiff's Omnibus Motion [Doc. 6] be denied as it relates to his request for a preliminary injunction; further, Magistrate Judge Mazzone recommends that plaintiff's Omnibus Motion be denied as moot as it relates to his request for issuance of a writ of mandamus. For the reasons that follow, this Court will adopt the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is

this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Having filed no objections within that time frame, plaintiff has waived his right to both *de novo* review and to appeal this Court's Order pursuant to 28 U.S.C. § 636(b)(1). Consequently, the R&R will be reviewed for clear error.

Having reviewed the R&R for clear error, it is the opinion of this Court that the Report and Recommendation [**Doc. 9**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that plaintiff's Omnibus Motion as it relates to his request for a preliminary injunction [**Doc. 6**]

be **DENIED**; further, plaintiff's Omnibus Motion **[Doc. 6]** as it relates to his request for issuance of a writ of mandamus is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: March 23, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE