Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

Jeffrey Cohen

JUN 21 2021

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

_Your full name_

## FEDERAL TORTS CLAIM ACT
## COMPLAINT

Civil Action No.: __5:20-cv-219__

v.

_(To be assigned by the Clerk of Court)_

UNITED STATES OF AMERICA

## I.  JURISDICTION

The Court has jurisdiction over this action pursuant to: Title 28 U.S.C. Section 2671, et seq. (FTCA) and Title 28 U.S.C. Section 1346(b)(1).

## II.  PLAINTIFF

_In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided._

A.    Your full name: Jeffrey Cohen    Inmate No.: 58021-037
Address: FCI Gilmer  PO Box 6000  Glenville, WV 26351

## III.  PLACE OF PRESENT CONFINEMENT

Name of
Prison/Institution: FCI Gilmer

A.    Is this where the events concerning your complaint took place?
☑ Yes    ☒ No

---

_United States District Court_                7                _Northern District of West Virginia-2013_

Attachment A

If you answered "NO," where did the events occur?
_Events took place at FCI Hazelton and FCI Gilmer_

IV.    PREVIOUS LAWSUITS

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?    ☒ Yes    ☐ No

B.    If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.    Parties to this previous lawsuit:

Plaintiff(s): _Jeffrey Cohen_
Defendant(s): _Fred Entzel, et al._

2.    Court: _N D WV_
(If federal court, name the district; if state court, name the county)

3.    Case Number: _3:19-cv-52_

4.    Basic Claim Made/Issues Raised: _Bivens, civil rights, Constitutional tort_

5.    Name of Judge(s) to whom case was assigned: _Groh_

6.    Disposition: _Dismissed w/o prejudice_
(For example, was the case dismissed? Appealed? Pending?)

7.    Approximate date of filing lawsuit: _March 20, 2019_

**Attachment A**

8.    Approximate date of disposition. Attach copies: <u>Feb. 27, 2020</u>

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?

☒ Yes     ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought. <u>BoP Administrative Remedy Program</u>

E.    Did you exhaust **ALL** available administrative remedies?

☒ Yes     ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted. <u>Form 95 filed in 2019</u>

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____

Attachment A

2.    Name and location of court and case number: _____

_____

_____

3.    Grounds for dismissal:    ☐ frivolous      ☐ malicious
      ☐ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: _____

5.    Approximate date of disposition: _____

V.    ADMINISTRATIVE REMEDIES PURSUANT TO THE FTCA

A.    Did you file an FTCA Claim Form (SF-95), or any other type of written
      notice of your claim, with the appropriate BOP Regional Office?
      ☒ Yes        ☐ No

B.    If your answer is "YES," answer the questions below:

      1.    Identify the type of written claim you filed: _Personal injury /Property Dmg._

      2.    Date your claim was filed: #1 7/22/19    #2 8/22/19

      3.    Amount of monetary damages you requested in your claim:
            #1 $958        #2 $3,000,000

      4.    If you received a written Acknowledgment of receipt of your claim
            from the BOP, state the:

            I.     Date of the written acknowledgment: #1 8/12/19    #2 10/7/19
            ii.    Claim Number assigned to your claim: #1 TRT-MXR-2020-0070
                                                        #2 TRT-MXR-2020-0072

C.    If your claim involves individuals who are employed by government
      agencies **other than the BOP**, did you file an FTCA Claim Form (SF-95),
      or any other type of written notice of your claim with the appropriate
      government agencies?     ☐ Yes        ☐ No    N/A

**Attachment A**

D.   If your answer is "YES," answer the questions below:

   1.   Identify the specific government agency or agencies, including the addresses, where you filed notice of your claim:

   _____

   _____

   _____

   2.   Identify the type of written claim(s) you filed: _____

   _____

   3.   Date your claim(s) were filed: _____

   4.   Amount of monetary damages you requested in your claim(s):

   _____

   5.   If you received a written Acknowledgment of receipt of your claim(s), state the:

      I.   Date of the written Acknowledgment: _____

      ii.   Claim Number assigned to your claim: _____

E.   If the BOP (or other government agency that received notice of your claim) either denied your claim or offered you a settlement that you did not accept, please state whether you requested reconsideration of your claim.
      ☒ Yes        ☐ No

   1.   If you answered "YES," state the:

      I.   Date you requested reconsideration: #1 1/23/20   #2 2/7/20

      ii.   Date the agency acknowledged receipt of your request for reconsideration: #1 2/18/20   #2 4/5/20

_____

Attachment A

## VI.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case.  **You must include
allegations of specific wrongful conduct as to EACH and EVERY federal employee
about whom you are complaining.  Describe exactly what each federal employee did.**
Include also the names of other persons involved, dates, and places.  Do not give any
legal arguments or cite any cases or statutes.  If you intend to allege a number of related
claims, you must number and set forth each claim in a separate paragraph.
**UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION.  NO
MORE THAN FIVE (5) TYPED OR TEN (10) LEGIBLY PRINTED PAGES MAY BE
ATTACHED TO THIS COMPLAINT.  (LR PL 3.4.4)***



CLAIM 1: Lt. Argir failed to adhere to 28 CFR 541.23-25,
which caused Cohen to be confined to the FCI Hazelton SHU.

Supporting Facts: The regulation proscribes a duty to "clearly articulate"
two specific conditions — supported by "objective evidence", Argir
failed to adhere to the regulation and Cohen was thrown in the
SHU for two months because he sued the BoP.

Identify each federal employee whose actions form a basis for this claim, and state
the name of the federal agency that employs each such individual:
Lt. Argir - BoP

With respect to each employee you have named above, state whether this
individual was acting within the scope of his or her official duties at the time these claims
occurred?     ☒ Yes        ☐ No

If your answer is "YES," please explain: Employee of BoP

CLAIM 2: 28 CFR 541.26, 541.32(b) specifically proscribes a duty
to provide scheduled intermittant SHU reviews with Cohen in
attendance. CPt. Eric Howell and Lt. Rodriguez failed to adhere

**Attachment A**

Supporting Facts: to the directives and caused Cohen to be confined in the SHU without any opportunity to challenge his conditions.

_____

_____

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Eric Howell - BOP

Lt. Rodriguez - BOP

_____

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?     ☒ Yes     ☐ No

If your answer is "YES," please explain: Both are employees of BOP.

_____

_____

_____

CLAIM 3: 28 CFR 541.20 (a); 541.31 proscribes a duty to provide specific "living conditions for inmates" in the BOP SHU. Cpt. John Squires and Lt. Rodriguez failed to adhere to the directives and

Supporting Facts: Caused Cohen to endure inhumane conditions in the SHU for two months. As further detailed in Cohen's Declaration, BOP staff subjected Cohen to horrific conditions in the SHU for two months.

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

John Squires - BOP

Lt. Rodriguez - BOP

_____

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?     ☒ Yes     ☐ No

Attachment A

If your answer is "YES," please explain: Both are employees of BOP.

CLAIM 4: 28 CFR 541.31(i), (j); 543.11(a), (l); BOP prog. stat. 1315.07 proscribes duties to provide BOP inmates meaningful court access. BOP employees failed to adhere to the directives by denying Cohen

Supporting Facts: access to his legal materials and the law library for two months. During that time, Cohen was prejudiced in certain legal matters: see attached Declarations

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:
John Squires, Jose Rivera, Lt. Rodriguez, Eric Howell – all are employed by the BOP.

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," please explain: BOP employees

CLAIM 5: 28 CFR 541.1, et seq., proscribes a duty not to impose capricious or retaliatory sanctions on inmates. From Jan. 1, 2018 to April 23, 2019, Entzel sanctioned Cohen to 24-hour-per-day

Supporting Facts: quarters confinement in violation of the directive. Entzel was repeatedly noticed of the harm caused by the sanctions, yet failed to abate the conditions.

**Attachment A**

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Fred Entzel— employed by BOP

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," please explain: BOP employee

## VII.  INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured or your property damaged and the exact nature of your damages. The reckless conduct of prison staff has caused physical, emotional, and financial harm to Cohen. Cohen has suffered through continuous trauma including depression, nightmares, cold sweats, pain, personal indignity, fear, anxiety, and anguish. Plus, certain litigated matters have been prejudiced

## VIII.  RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

Cohen requests judgment to be entered in his favor and the Court grant the following:

Cont'd on attached

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____Glenville, WV_____on ___4/23/21_____.
 (Location)                                                               (Date)


_____
 Your Signature

FTCA/COMMON LAW CLAIMS

SECTION VI CLAIMS Continued

Claim 6: In April 2019, Yonesh, acting outside the scope of his employment, violated BOP regulations and constitutional protections by unlawfully seizing and disposing of Cohen's personal property.

Claim 7: From March 31, 2020 to the present, Hudgins has violated BOP regulations by preventing Cohen from accessing the prison law library and his legal work product. Thus, he has violated his duty pursuant to 18 U.S.C. 4042.

Claim 8: Hudgins has deviated from the BOP National Menu Plan which has deprived Cohen from healthy and nutritious foods; and he has violated BOP regulations by depriving Cohen of daily exercise from March 31, 2020 to the present. Thus, he has violated his duty pursuant to 18 U.S.C. 4042.

Claim 9: Hall, acting outside the scope of his employment, was aware that Cohen required medical care but intentionally created fraudulent documents to deny the required care.

SECTION VIII RELIEF Continued:

a) An order and judgment declaring the conduct of the individuals named herein was in violation of law and negligent;

b) Provide for adequate monetary relief in the form of compensatory damages;

c) Assess punitive damages for Yonesh and Hall's malicious conduct which was outside the scope of their employment; and

d) Any other relief warranted by law.