Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

**JUN 21 2021**

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

Jeffrey Cohen

_____

*Your full name*

**FEDERAL CIVIL RIGHTS
COMMPLAINT**
**COMPLAINT**
(*BIVENS* ACTION)

v.

Robert Hudgins, et al.

_____

_____

_____

Civil Action No.: ___5:20-cv-219___
*(To be assigned by the Clerk of Court)*

*Enter above the full name of defendant(s) in this action*

## I.    JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).** The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.    PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

    A.    Name of Plaintiff: Jeffrey Cohen    Inmate No.: 58021-037
           Address: FCI Gilmer PO Box 6000 Glenville, WV 26351

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

*United States District Court*         7         *Northern District of West Virginia-2013*

**Attachment A**

B.  Name of Defendant: _Robert Hudgins_
    Position: _Warden_
    Place of Employment: _BOP - FCI Gilmer_
    Address: _201 FCI Lane Glenville, WV 26351_

    Was this Defendant acting under the authority or color of federal state
    law at the time these claims occurred?    ☒ Yes        ☐ No

    If your answer is "YES," briefly explain: _BOP Warden_

B.1  Name of Defendant: _Fred Entzel_
    Position: _Warden_
    Place of Employment: _BOP - FCI Hazelton_
    Address: _1640 Skyview Lane Bruceton Mills, WV 26525_

    Was this Defendant acting under the authority or color of federal state
    law at the time these claims occurred?    ☒ Yes        ☐ No

    If your answer is "YES," briefly explain: _BOP Warden_

B.2  Name of Defendant: _Eric Howell_
    Position: _Captain_
    Place of Employment: _BOP - FCI Hazelton_
    Address: _1640 Skyview Lane Bruceton Mills, WV 26525_

    Was this Defendant acting under the authority or color of federal state
    law at the time these claims occurred?    ☒ Yes        ☐ No

**Attachment A**

If your answer is "YES," briefly explain: BOP Captain

B.3   Name of Defendant: John Squires
Position: Acting Captain
Place of Employment: BOP - FCI Hazelton
Address: 1640 Skyview Dr. Bruceton Mills, WV 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes        ☐ No

If your answer is "YES," briefly explain: BOP Acting Captain

B.4   Name of Defendant: Jose Rivera
Position: Unit Manager
Place of Employment: BOP - FCI Hazelton
Address: 1640 Skyview Dr. Bruceton Mills, WV 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes        ☐ No

If your answer is "YES," briefly explain: BOP Unit Manager

B.5    Name of Defendant: John Doe 1 (Lt. Argir)
Position: Lieutenant
Place of Employment: BOP- FCI Hazelton
Address: 1640 Skyview Dr. Bruceton Mills, WV 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes          ☐ No

If your answer is "YES," briefly explain: BOP-Lieutenant

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: FCI Gilmer

A.    Is this where the events concerning your complaint took place?
☒ Yes      ☒ No

If you answered "NO," where did the events occur?
Both at FCI Gilmer and FCI Hazelton

B.    Is there a prisoner grievance procedure in the institution where the events occurred?    ☒ Yes      ☐ No

C.    Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
☒ Yes      ☐ No

D.    If your answer is "NO," explain why not: _____

E.    If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

Attachment A

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _See attachments D_

LEVEL 2 _____

LEVEL 3 _____

IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?          ☒ Yes          ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s): _Jeffrey Cohen_

Defendant(s): _Fred Entzel, et al._

2.   Court: _USDC NDWV_
(If federal court, name the district; if state court, name the county)

3.   Case Number: _3:19-cv-52_

4.   Basic Claim Made/Issues Raised: _Due process; 8th Amendment_

_____

_____

_____

5.   Name of Judge(s) to whom case was assigned:
_Groh_

6.   Disposition: _Dismissed w/o prejudice_
(For example, was the case dismissed? Appealed? Pending?)

7.   Approximate date of filing lawsuit: _March 20, 2019_

Attachment A

8.    Approximate date of disposition. Attach Copies: _Feb. 27, 2020_

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
      ☒ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result.  If your answer is "NO," explain why administrative relief was not sought.
      _BOP Administrative Remedy Program — denied at_
      _each level._
      _____
      _____

E.    Did you exhaust available administrative remedies?
      ☒ Yes        ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion.  If your answer is "NO," briefly explain why administrative remedies were not exhausted.
      _BOP Administrative Remedy Program — denied at_
      _each level._
      _____
      _____
      _____

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

Attachment A

Plaintiff(s): _____

Defendant(s): _____

2.  Name and location of court and case number:

_____

_____

_____

3.  Grounds for dismissal:   ☐ frivolous   ☐ malicious
    ☐ failure to state a claim upon which relief may be granted

4.  Approximate date of filing lawsuit: _____

5.  Approximate date of disposition: _____

## V.   STATEMENT OF CLAIM

*State here, as* **BRIEFLY** *as possible, the <u>facts</u> of your case.  Describe what <u>each</u> defendant did to violate your constitutional rights.* **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** *Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.* **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)**

CLAIM 1: Argir confined Cohen to the FCI Hazelton SHU on April 25, 2019 without the required process pursuant to 28 CFR 541.23-25, thus in violation of Cohen's Fifth Amendment right to due process.

Supporting Facts: 28 CFR 541.23-25 requires two specific

**Attachment A**

conditions, supported by "objective evidence" which must be "clearly articulated". Cohen was thrown in the SHU by Argir without the required criteria because one-week prior, Defendants learned Cohen was suing them.

CLAIM 2: Howell + Rodriguez kept Cohen in the FCI Hazelton SHU for two months without the process required by 28 CFR 541.26; 541.32(b), thus violated Cohen's Fifth Amend. right to due process.

Supporting Facts: 28 CFR 541.26; 541.32(b) required specific intermittant reviews with Cohen in attendance. None of the reviews occurred, thus Cohen could not challenge the conditions of his confinement.

CLAIM 3: Squires and Rodriguez forced Cohen to endure inhumane conditions in the SHU for two months. When informed of the deprivations of human needs, Defendants remained deliberately indifferent to the risk of harm to Cohen.

Supporting Facts: As further described in the accompanying memorandum — Defendants violated multiple BoP policies and regulations which deprived Cohen of healthy and humane treatment. They were each placed on notice of the deprivations but failed to abate the conditions.

CLAIM 4: Squires, Rivera, Rodriguez and Howell deprived Cohen of his own legal materials and obstructed his access to state and federal law libraries, thus depriving him of court access.

Supporting Facts: While in the SHU, Cohen submitted 11 written requests to Defs. to access his legal materials.

**Attachment A**

He submitted 35 requests to access the law library. All requests were ignored which prejudiced Cohen in certain legal matters. See Exhibit C for specifics.

CLAIM 5: From January 2018 to April 23, 2019, Entzel subjected Cohen to confinement to quarters sanctions without the process promulgated by the BOP, thus violating Cohen's constitutional rights to due process, basic human needs, and court access.

Supporting Facts: Entzel failed to adhere to BOP policies and regulations which resulted in the unlawful sanctioning of Cohen for 155 segmented days. During which, Entzel forced Cohen to endure inhumane conditions and deprived him of his ability to litigate certain legal matters.

## VI.  INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

The conduct of the Defs. has deprived Cohen of certain liberty and property interests and subjected him to cruel and unusual punishment. Their reckless conduct has caused Cohen to be mentally and physically harmed.

## VII.  RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

Cohen requests judgment to be entered in his favor against Defs. and the Court grant the following:

Continued on attached

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.


Executed at  <u>Glenville, WV</u>   on <u>4/23/21</u>                   .
           (Location)                (Date)


                                           Your Signature

BIVENS CLAIMS

SECTION II PARTIES Continued

B6. John Doe #2 (Lt. Rodriguez); Lieutenant at FCI Hazelton 1640 Skyview Lane Bruceton Mills, WV 26525. Defendant was acting under authority of color of federal law at the time of the occurrence.

B7. John Doe #3 (Counselor D. Yonesh); Counselor at FCI Hazelton 1640 Skyview Lane Bruceton Mills, WV 26525. Defendant was NOT acting under authority of color of federal law at the time of the occurrence. He was acting in an individual capacity outside of the scope of his employment.

B8. Dustin Hall; Medical Personnel at FCI Hazelton 1640 Skyview Lane Bruceton Mills, WV 26525. Defendant was NOT acting under authority of color of federal law at the time of the occurrence. He was acting in an individual capacity outside of the scope of his employment.

SECTION V CLAIMS Continued

Claim 6: In April 2019, Yonesh, acting outside the scope of his employment, violated BOP regulations and constitutional protections by unlawfully seizing and disposing of Cohen's personal property.

Claim 7: From March 31, 2020 to the present, Hudgins has prevented Cohen from accessing the prison law library and his legal work product, thus obstructing his access to the courts.

Claim 8: Hudgins has deviated from the BOP National Menu Plan which has deprived Cohen from healthy and nutritious food: and he has deprived Cohen of daily exercise from March 31, 2020 to the present.

Claim 9: Hall, acting outside the scope of his employment, was aware that Cohen required medical care but intentionally created fraudulent documents to deny the medical care.

SECTION VII RELIEF Continued

a) An order and judgment declaring:

1) Lt. Argir's failure to abide by federal law violated Cohen's state and federally protected rights to due process;

2) Howell and Rodriguez's failure to abide by federal law prevented Cohen from meaningfully challenging his conditions of confinement, which violated his right to due process guaranteed by the U.S. and West Virginia Constitutions;

3) Squires and Rodriguez were deliberately indifferent to Cohen's actual risk of harm, which violated his right to be free from cruel and unusual punishment guaranteed by the U.S. and West Virginia Constitutions;

4) Squires, Rivera, Rodriguez, and Howell violated Cohen's state and federal rights to adequate and meaningful court access;

5) Entzel's failure to abide by federal law violated Cohen's state and federally guaranteed rights to due process;

6) Yonesh, acting outside the scope of his employment, failed to abide by federal and state law by depriving Cohen of his property rights;

7) Hudgins deprived Cohen of his protected interests pursuant to the U.S. and West Virginia Constitutions;

8) Hudgins caused Cohen to suffer through the use of cruel and unusual punishment; and

9) Hall, acting outside the scope of his employment, deprived Cohen of needed medical care.

b) An order and judgment enjoining the further violation of Cohen's protected constitutional rights by the named defendants and others similarly situated.

c) Nominal damages.

d) Punitive damages against Hall and Yonesh for their malicious conduct that fell outside the scope of their employment.

e) All other relief warranted by law.

Cohen requests a trial by jury.