IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

JEFFREY COHEN,

        Plaintiff,

v.                                                Civil Action No. 5:20-CV-219
                                                    Judge Bailey

UNITED STATES OF AMERICA,
ROBERT HUDGINS, Warden,
FRED ENTZEL, Warden,
ERIC HOWELL, Captain,
JOHN SQUIRES, Acting Captain,
JOSE RIVERA, Unit Manager,
JOHN DOE/(LT. ARGIR), Lieutenant,
DUSTIN HALL,
JOHN DOE, a/k/a D. Yonesh, and
CAPTAIN CARLOS RODRIGUEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF

Pending before this Court is Plaintiff's Motion for Relief from Order and Renewal of Motion for Leave to Amend Complaint [Doc. 107], filed May 5, 2022. Therein, plaintiff asks this Court to amend its April 19, 2022 Order dismissing this case [Doc. 104] and to grant plaintiff leave to file an amended complaint. This Court directed defendants to respond, and defendants filed a response in opposition to the Motion on May 19, 2022. [Doc. 110]. On June 3, 2022, plaintiff filed a reply. [Doc. 115]. The Motion is fully briefed and ripe for decision. For the reasons that follow, this Court will deny the Motion.

1

## BACKGROUND[1]

This case arises out of alleged actions by staff at FCI Hazelton that occurred while plaintiff was incarcerated there. Plaintiff's initial Complaint and an accompanying declaration allege that on April 26, 2019, plaintiff was transferred to the Special Housing Unit ("SHU"). Plaintiff remained in the SHU until he was transferred to FCI Gilmer on June 25, 2019. Plaintiff filed his initial Complaint on July 30, 2020, alleging claims under the [Federal Tort Claims Act ("FTCA")]. On April 12, 2021, plaintiff filed a new Complaint which asserted claims under the FTCA and ***Bivens*** [***v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971)]. [Doc. 16]. The Court then advised plaintiff of the potential consequences of pursuing both a FTCA claim and a ***Bivens*** action. [Doc. 19]. Fifty-one days later, on June 9, 2021, the Court dismissed the case without prejudice for failure to prosecute following plaintiff's failure to respond to the notice. [Doc. 21]. On June 21, 2021, plaintiff filed the Notification form, indicating that he wished to proceed with both a ***Bivens*** complaint and FTCA claim. [Doc. 23]. On the same day, plaintiff filed a new complaint on the Court's FTCA form, as well as a ***Bivens*** complaint, and a generic complaint form. [Docs. 24, 25, & 26]. The Court vacated the order dismissing the case. [Doc. 33]. On September 23, 2021, plaintiff paid the required fee to have the Clerk of Court serve the Complaint and summonses, and on September 27, 2021, the Court ordered service of the three Complaints [Docs. 24, 25, & 26]. Although styled as three separate Complaints, the Court notes that there is significant overlap between them: the FTCA and ***Bivens*** Complaints raise nine identical

---

1 The beginning of this section is taken from this Court's April 19, 2022 Order.

2

claims, differing only in that the **Bivens** Complaint names individual defendants. The "generic" Complaint asserts two claims, which correspond to claims six and nine of the other Complaints.

The majority of plaintiff's claims relate to the period he was housed in the SHU. First, plaintiff claims his confinement in the SHU did not follow BOP policies outlined in 28 C.F.R. §§ 541.23–25. Second, plaintiff contends that during his confinement in the SHU, defendants were required to conduct regular reviews with plaintiff in attendance, which was not done. Third, that the conditions of confinement within the SHU were inhumane and that defendants remained deliberately indifferent to a risk of harm caused by the conditions. Fourth, that during his time in the SHU, defendants deprived plaintiff of access to legal materials and access to the law library, causing him prejudice in a number of lawsuits. Fifth, that this instance of confinement to the SHU and earlier instances were retaliatory in nature. Sixth, that defendant Yonesh unlawfully seized and disposed of plaintiff's personal property. Finally, plaintiff raises three claims which do not stem from plaintiff's confinement in the SHU. In his seventh claim, he alleges that at FCI Gilmer, defendant Hudgins prevented him from accessing the law library or his legal materials. Eighth, that Hudgins has failed to follow the BOP National Menu Plan and has deprived plaintiff of daily exercise. Finally, that defendant Hall intentionally created fraudulent medical documents to deny medical care to plaintiff.

On February 16, 2022, defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 89]. On March 24, 2022, plaintiff filed a packet of materials which included three new complaints, a memorandum in support, and a motion

for leave to file excess pages. [Docs. 98 & 99]. The packet did not, however, include a direct response to the motion to dismiss. On April 19, 2022, this Court granted the Motion to Dismiss and dismissed all claims in this case. [Doc. 104]. On May 5, 2022, plaintiff filed the instant Motion, alleging that he sent a response to the motion to dismiss but that it was never delivered. [Doc. 107]. He argues that this Court should grant him leave to amend his Complaint, renewing his request from his prior motion [Doc. 103]. He attaches his intended memorandum in response to the motion to dismiss and argues this Court should consider his response. In his response, he argues, first, that all of his claims are properly exhausted. He contends that his FTCA claims are all exhausted, that his "generic" claims do not require exhaustion, and that his *Bivens* claims were prevented from being exhausted because he was denied the necessary administrative forms. Second, plaintiff argues that his FTCA claims are sufficiently pled.

## **LEGAL STANDARD**

A motion under Rule 60(b) may relieve a party from a final judgment, order or proceeding for:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

4

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "When making a motion under Rule 60(b), the party moving for relief 'must clearly establish the grounds therefor to the satisfaction of the district court,' . . . and such grounds 'must be clearly substantiated by adequate proof.'" *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances." *Wilson v. Thompson*, 138 F. App'x 556, 557 (4th Cir. 2005) (unpublished).

## DISCUSSION

### I. Leave to Amend Should be Denied as Futile.

Plaintiff argues that this Court should grant his request for leave to amend his Complaint. When dealing with a post-judgment motion to amend the Complaint, the Court may not grant the motion unless it first vacates its judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b). *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). As the Fourth Circuit explained,

> To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a). In other words, a court should evaluate a postjudgment motion to amend the

5

complaint "under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Here, plaintiff is unable to meet this standard. First, although plaintiff frames the proposed amendment as a postjudgment motion for leave to amend under the standard from *Katyle*, this is not a postjudgment motion to amend—plaintiff is seeking to re-assert an earlier motion to amend [Doc. 103], which the Court already considered and ruled upon.

Second, even if this Court considers the request to amend the Complaint under the normal Rule 15 standard, leave to amend should be denied. Although motions to amend the Complaint should be granted liberally, a district court may deny leave if the amended Complaint would be futile. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). "Amendments are futile when 'the proposed amendments could not withstand a motion to dismiss.'" *Cuffee v. Verizon Commc'ns, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (Williams, J.) (quoting *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)). This Court dismissed all of plaintiff's claims under the motion to dismiss standard in its April 19, 2022 Order. The same reasons given for dismissing plaintiff's claims at that time apply to the claims in his proposed amended complaints: his FTCA claims related to confinement in the SHU attempt to raise constitutional claims under the FTCA, his assertion that SHU confinement was retaliatory fails to state a claim, and his *Bivens* claims were not exhausted before filing. Although he includes additional claims on a "generic" complaint which he contends are not to be considered under the standards for FTCA or *Bivens* claims, he raises essentially the

6

same claims: that his confinement in the SHU violated his Eight Amendment right to be free from cruel and unusual punishment. Accordingly, leave to amend the Complaint is not warranted.

## II. Plaintiff is Unable to Meet the "Catchall" Provision of Rule 60(b).

Insofar as plaintiff seeks relief under the standard set forth in Rule 60(b), he must meet one of the enumerated reasons. Here, the reasons set forth in 60(b)(1)–(5) clearly do not apply, leaving only (6), "any other reason that justifies relief." "[W]e have repeatedly instructed that only truly 'extraordinary circumstances' will permit a party successfully to invoke the 'any other reason' clause of § 60(b)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, dissenting). As the Fourth Circuit summarized,

> To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments, such as Rule 59 (requiring that motions for new trial or to alter or amend a judgment be filed no later than 28 days after the entry of judgment); Rule 6(b)(2) (providing that a court may not extend the time to file motions under Rules 50(b), 50(d), 52(b), 59(b), 59(d), 59(e), and 60(b)); and Federal Rule of Appellate Procedure 4(a) (requiring generally that appeals be filed within 30 days after judgment).

*Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011).

Having reviewed plaintiff's motion and his intended response to the earlier motion to dismiss, the Court finds that no reason exists which satisfies this standard. First, plaintiff argues that this Court erred in finding that his FTCA claims were subject to

7

dismissal for failure to exhaust administrative remedies. [Doc. 107 at 3]. He argues that he identifies "the specific SF-95 Tort Claim submissions submitted to the BOP for each FTCA claim alleged" in his response. [Id.]. This Court previously relied on the declaration of Tiffanie Little, a legal assistant at the Mid-Atlantic Office of the BOP: "As detailed in the Little Declaration, among the 33 administrative remedies filed by plaintiff, only two were successfully exhausted and appealed to the BOP Central Office: one in which plaintiff alleged being denied access to legal materials and the law library while at FCI Gilmer, and another requesting First Step Act Credit." [Doc. 104 at 12]. Further, assuming, *arguendo*, that the administrative remedies plaintiff identifies in his response are fully exhausted, he claims these remedies were submitted on February 24, 2021, and September 18, 2020. Plaintiff initiated this suit on July 30, 2020. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior* to filing a complaint in federal court. See **Porter v. Nussle**, 534 U.S. 516, 524 (2002) (citing **Booth v. Churner**, 532 U.S. 731, 741 (2001)).

Second, plaintiff argues that "the Court found several FTCA Claims sounded in constitutional tort and failed to allege adequate injuries. . . . In the Response, Cohen shows the specific allegations that sound in negligence." [Doc. 107 at 3]. In the response, he argues that claims One and Two are not constitutional claims. [Doc. 107-3 at 5]. Upon review of these claims, the Court again concludes that plaintiff is attempting to assert constitutional claims. "Claims regarding conditions of confinement, excessive force, and deliberate indifference to serious medical needs, in violation of Eighth Amendment rights to be free of cruel and unusual punishment, or other constitutional

8

claims are not actionable against the United States in a FTCA 28 USC § 2671 et seq. action." ***Scott v. United States***, No. 1:18-CV-61, 2020 WL 3121194, at n. 6 (N.D. W.Va. Jan. 22, 2020) (Aloi, M.J.), *report and recommendation adopted*, No. 1:18-CV-61, 2020 WL 1502857 (N.D. W.Va. Mar. 30, 2020) (Kleeh, J.). Further, to the extent he contends claim one is a negligence claim based on defendants' failure to adhere to 28 C.F.R. §§ 541.23–25, the Court reiterates its conclusion that plaintiff is unable to show more than *de minimis* physical injury caused by being placed in the SHU. See [Doc. 104 at 8].

Finally, plaintiff argues that his failure to exhaust administrative remedies should be excused because defendants prevented him from accessing administrative remedies. "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." ***Moore v. Bennette***, 517 F.3d 717, 725 (4th Cir. 2008). However, the record makes clear that remedies were available to petitioner within the time period he could have raised them: as stated above, plaintiff filed a number of grievances, including two which he appealed to the central BOP office in June of 2020. See [Doc. 89-14]; ***Stohl v. E. Reg'l Jail***, No. 1:14-CV-109, 2015 WL 5304135, at *7 (N.D. W.Va. Sept. 8, 2015) (Keeley, J.) ("Stohl's conclusory allegation that unnamed prison staff 'discarded' his grievances not only is unsupported by any of the evidence in the record, it is belied by Stohl's successful filing of eight other requests or grievances using the appropriate procedure during the same time period.").

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Relief from Order and Renewal of Motion for Leave to Amend Complaint **[Doc. 107]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff and to transmit copies to all counsel of record herein.

DATED: July **15**, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**