Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA    **FILED**

Jeffrey Cohen

_____

*Your full name*

AUG 1 9 2022

**U.S. DISTRICT COURT-WVND**
**WHEELING, WV 26003**

## FEDERAL TORTS CLAIM ACT
## COMPLAINT

v.

Civil Action No.: 5:20-cv-219

*(To be assigned by the Clerk of Court)*

UNITED STATES OF AMERICA

## I.    JURISDICTION

The Court has jurisdiction over this action pursuant to: Title 28 U.S.C. Section 2671, et seq. (FTCA) and Title 28 U.S.C. Section 1346(b)(1).

## II.    PLAINTIFF

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

   A.    Your full name: Jeffrey Cohen    Inmate No.: 58021-037
         Address: FCI Gilmer  PO Box 6000  Glenville, WV 26351

## III.    PLACE OF PRESENT CONFINEMENT

Name of
Prison/Institution: FCI Gilmer

   A.    Is this where the events concerning your complaint took place?
         ☑ Yes    ☒ No

**Attachment A**

If you answered "NO," where did the events occur?

*Events took place at FCI Hazelton and FCI Gilmer*

## IV.   PREVIOUS LAWSUITS

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?     ☒ Yes     ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below.  If there is more than one lawsuit, describe additional lawsuits using the same format on  a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s): *Jeffrey Cohen*
Defendant(s): *Fred Entzel, et al.*

2.   Court: *NDWV*
     *(If federal court, name the district; if state court, name the county)*

3.   Case Number: *3:19-cv-52*

4.   Basic Claim Made/Issues Raised: *Bivens, civil rights, Constitutional tort, Negligence*

5.   Name of Judge(s) to whom case was assigned: *Groh*

6.   Disposition: *Dismissed w/o prejudice*
     *(For example, was the case dismissed?  Appealed?  Pending?)*

7.   Approximate date of filing lawsuit: *March 20, 2019*

**Attachment A**

8.      Approximate date of disposition. Attach copies: <u>Feb. 27, 2020</u>

C.      Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☒ Yes        ☐ No

D.      If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought. <u>Bop Administrative Remedy Program</u>

E.      Did you exhaust **ALL** available administrative remedies?
☒ Yes        ☐ No

F.      If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted. <u>Form 95 filed in 2019 + 2021</u>

G.      If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.      Parties to previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____
_____

**Attachment A**

2.　Name and location of court and case number: _____

_____

_____

3.　Grounds for dismissal:　☐ frivolous　　☐ malicious
　　☐ failure to state a claim upon which relief may be granted

4.　Approximate date of filing lawsuit: _____

5.　Approximate date of disposition: _____

# V.　ADMINISTRATIVE REMEDIES PURSUANT TO THE FTCA

A.　Did you file an <u>FTCA Claim Form (SF-95)</u>, or any other type of written notice of your claim, with the appropriate BOP Regional Office?
　☒ Yes　　☐ No

B.　If your answer is "YES," answer the questions below:

1.　Identify the type of written claim you filed: Personal injury /Property Dmg.

2.　Date your claim was filed: #1 8/19 #2 8/22/19 #3 9/18/20 #4 2/24/21

3.　Amount of monetary damages you requested in your claim:
#1 $958　　#2 $3,000,000　#3 $10,000,000　#4 $2,000,000

4.　If you received a written Acknowledgment of receipt of your claim from the BOP, state the:

　I.　Date of the written acknowledgment: #1 8/12/19　#2 10/7/19　#3 5/6/22
　ii.　Claim Number assigned to your claim: #1 TRT-MXR-2020-0070
　　　#2 TRT-MXR-2020-0072
　　　#3 TRT-MXR-2020-07517

C.　If your claim involves individuals who are employed by government #4 — agencies **other than the BOP**, did you file an <u>FTCA Claim Form (SF-95)</u>, or any other type of written notice of your claim with the appropriate government agencies?　☐ Yes　　☐ No　　N/A

**Attachment A**

D.    If your answer is "YES," answer the questions below:

1.    Identify the specific government agency or agencies, including the addresses, where you filed notice of your claim:

_____

_____

_____

2.    Identify the type of written claim(s) you filed: _____

_____

3.    Date your claim(s) were filed: _____

4.    Amount of monetary damages you requested in your claim(s):

_____

5.    If you received a written Acknowledgment of receipt of your claim(s), state the:

I.    Date of the written Acknowledgment: _____

ii.    Claim Number assigned to your claim: _____

E.    If the BOP (or other government agency that received notice of your claim) either denied your claim or offered you a settlement that you did not accept, please state whether you requested reconsideration of your claim.
☒ Yes        ☐ No

1.    If you answered "YES," state the:

I.    Date you requested reconsideration: #1 1/23/20   #2 2/7/20

ii.    Date the agency acknowledged receipt of your request for reconsideration: #1 2/18/20   #2 4/5/20

Attachment A

## VI.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case.* ***You must include allegations of specific wrongful conduct as to EACH and EVERY federal employee about whom you are complaining. Describe exactly what each federal employee did.*** *Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.* ***UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION. NO MORE THAN FIVE (5) TYPED OR TEN (10) LEGIBLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: Lt. Argir failed to adhere to 28 CFR 541.23 - 25, which caused Cohen to be confined to the SHU where he suffered harm.

Supporting Facts: The actions of Argir constitute negligence in violation of West Virginia law. Argir had a duty to Cohen to protect him from harm. Argir breached his duty when he falsified records causing Cohen to suffer harm by being placed in the SHU. See ECF 99-1 at 1-2.

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Lt. Argir - BOP

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," please explain: Employee of BOP

CLAIM 2: The actions of Howell and Rodriguez constitute negligence in violation of West Virginia law. Both had a duty to Cohen to protect him from harm. Both breached their duty by failing to adhere to 28 CFR 541.26; 541.32; and BOP P.S. 5270.11.

**Attachment A**

Supporting Facts: _See ECF 99-1 and 2._

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Eric Howell - BOP

Lt. Rodriguez - BOP

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," please explain: _Both are employees of BOP._

CLAIM 3: _The actions of Squires and Rodriguez constitute negligence in violation of West Virgina law. Both had a duty to protect Cohen from harm and provide suitable quarters. They breached their duty when they_

Supporting Facts: _failed to adhere to BOP P.S. 5270.11; 28 CFR 541.31; 541.32. See ECF 99-1 and 3-4._

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

John Squires - BOP

Lt. Rodriguez - BOP

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☒ Yes    ☐ No

**Attachment A**

If your answer is "YES," please explain: Both are employees of BOP.

CLAIM 4: The actions of Squires, Rivera, Rodriguez, and Howell constitute negligence in violation of West Virginia law. All had a duty to Cohen to protect him from harm. They breached their duty when they failed to adhere

Supporting Facts: to 28 CFR 543.11; BOP P.S. 1315.07. Their conduct interfered with Cohen's ability to meaningfully litigate. See 99-1 at 4-5.

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual: John Squires, Jose Rivera, Lt. Rodriguez, Eric Howell — all are employed by the BOP.

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?        ☒ Yes        ☐ No

If your answer is "YES," please explain: BOP employees

CLAIM 5: Entzel, Hudgins, and Wolfe violated their duty to protect Cohen by confining him to his cell for 24-hours-per-day for months at a time. They failed to provide for Cohen's well-being and breached their

Supporting Facts: duty when they confined Cohen to his cell for 24-hour lockdowns for over 100 days which violated 28 CFR 501.11; 541.1; 541.22; 541.31; 543.1-11; BOP P.S. 5502.11; 1315.07; 6013.01. See ECF 99-1 at 5-7

**Attachment A**

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Fred Entzel — employed by BOP

Robert Hudgins          "    "    "

R. Wolfe          "          "

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," please explain:  BOP employees

## VII. INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured or your property damaged and the exact nature of your damages.

See Continuation Page

## VIII. RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

Cohen requests judgment to be entered in his favor and the Court grant the following:

Cont'd on attached Continuation Page

---

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate. Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___Glenville, WV_____on __8/3/22_____.
<br>               (Location)                                        (Date)

_____
<br>Your Signature

---

*United States District Court*        *16*        *Northern District of West Virginia-2013*

<u>FTCA Continuation Page</u>

Claim #6: Drs. McCoy and Anderson owed a duty of care to Cohen to protect him from harm and provide for his care. They breached thweir duty by failing to ensure medically needed care was provided. See ECF 99-1 at 7-9.

Dr. Emery McCoy and Eddie Anderson, are both BOP employees and were acting in the scope of their duties.


<u>Analagous State Laws & Additional Allegations</u>

Claim 1: Argir's falsification of documents cannot be said to have been reasonable under any cirumstances. He was aware that the BOP prohibited such conduct and knew that violating the mandate would cause Cohen to be confined in the SHU under false pretenses. Plus, Argir's conduct violates WVDOC 326.01; W. Va. Code 95-1-4; 95-1-12; 95-1-15; Manual of Standards for Adult Correctional Institutions, Amer. Corr. Assn. ("ACA Stds"); and American Bar Association Criminal Justice Standards on Treatment of Prisoners (2010) ("ABA Stds").


Claim 2: The repeat failure of Howell and Rodriguez to perform the mandated reviews cannot be said to have been reasonable under any circumstances. Both were aware that the BOP required the reviews and knew that violating the multiple mandates would cause Cohen's SHU confinement to be prolonged. Their conduct violated WVDOC 326.00(B)(4); W. Va. Code 95-1-12; 95-1-15; ACA Stds; and ABA Stds.


Claim 3: Squires and Rodriguez were absolutely responsible for Cohen's well-being while he was confined in the SHU. Both were aware of the BOP regulations and policies that governed Cohen's treatment. The failure of each to adhere to the regulations and policies—particularly when Cohen complained of the failures—cannot be said to have been reasonable under any circumstances.

Both were aware that their conduct would cause harm to Cohen. Their conduct, violated W. Va. Code 95-1-10; 95-1-11; 95-1-12; 95-1-15; ACA Stds; and ABA stds.

Claim 4: Squires, Rivera, Rodriguez, and Howell were each aware that Cohen was involved in actively litigated matters. They were aware that BOP regulations and policies required them to provide access to Cohen's legal material, yet they each obstrructed his access. Their failure to adhere to the regulations and policies—particularly when Cohen repeatedly complained of the failures—cannot be said to have been reasonable under any circumstances. All were aware that their conduct would prevent Cohen from litigating thus causing him harm. Their conduct violated W. Va. Code 95-1-12; 95-1-15; 95-1-17; ABA Stds and ACA stds.

Claim 5: Entzel, Hudgins, & Wolfe knew their authority was not unlimited and as Warden of the prison, they were eachresponsible for Cohen's well-being. They knew that forcing Cohen to be in over 100 days of 24-hour cell confinement would harm Cohen. They knew their conduct was in violation of BOP regulation and policies, yet refused to stop the conduct even when Cohen complained of the violations. Their refusal to adhere to BOP regulations and policies cannot be said to have been reasonable under any circumstances. Their conduct violated W. Va. Code 95-1-9; 95-1-10; 95-1-11; 95-1-15; 95-1-17; 95-1-21; ABA Stds; and ACA Stds.

Claim 6: Drs. McCoy and Anderson were aware that Cohen required medical care through a scheduled consult with a neurosurgeon. Both Doctors were required to monitor the length of time that the consult was pending and intervene if the care was not provided in a timely manner. Both Doctors were aware that Cohen's consult had not been scheduled and failed to intervene which exacerbated

2

Cohen's serious medical condition. Their conduct violated W. Va. Code 95-1-14; 95-1-15; ABA Stds.; and ACA Stds.

## Section V. Administrative Remedies

On Aug. 2019, Cohen submitted Form 95 #1 to the BOP Mid-Atlantic Region for property loss. On Aug. 31, 2019, Cohen submitted Form 95 #2 to the Regional Office for personal injury.. On Dec. 20, 2019, the Region denied Form 95#1 under TRT-MXR-2020-00070. On Jan. 27, 2020, Cohen asked fore reconsideration of TRT-MXR-2020-00070. On Feb. 5, 2020, the Region denied Cohen's Form 95#2 under TRT-MXR-2020-00072. On Feb. 18, 2020, the Region confirmed the denial of the reconsideration of the property loss. On Sep. 18, 2020, Cohen submitted Form 95#3 to the Regional office for personal injury, the Form 95 was denied by the Region on Nov. 10, 2020 under TRT-MXR-2020-07517. On Feb. 24, 2021, Cohen placed a hand written Tort Claim to the Region (Form 95#4), with all of the information required by a Form 95, into the prison mail system. Pursuant to 28 CFR § 543.32(i), the BOP had six months from the filing date to settle or deny the claim—or the claim is deemed denied and "you may proceed to file a lawsuit". No response has been received to Form 95#4 which presented claims arising after the filing of this complaint.

## Section VII Injuries

Due to the unlawful conduct of the BOP employees identified herein, Cohen suffered injuries including significant physical trauma to his hips and back for which he requires surgery to fix. Additionally, he suffered pain from muscles that atrophied from a lack of exercise for many months at a time. As shown in the attached Declarations, Cohen was unable to meaningfully litigate certain claims due to the negligent deprivation of Cohen's legal materials.

3

The lack of proper nutrition and negligent disregard for BOP regulations caused Cohen to be diagnosed with a vitamin deficiency which now requires full-time medication to balance. In addition he requires medication to balance out his extremely high blood pressure that developed as a result of the negligent conduct of the Defendant's agents. Prior to his arrival at FCI Gilmer, Cohen never had high blood pressure, after the lockdowns ordered by Hudgins and Wolfe, his blood pressure has soared to 154/97. In addition to the physical harm, Cohen has been afflicted with severe anxiety and suffers from extensive mental anguish including nightmares, panic attacks, new phobias with triggers that impair his everday lifestyle.

## Section VIII. Relief

Cohen asks the Court to enter an order and judgment:

Claim #1) Declaring Argir's conduct that placed Cohen in the SHU was negligent and caused him harm and awarding compensatory damages and any other relief available under law.

Claim #2) Declaring that the failure of Squires, Rodriguez, and Howell to adhere to BOP regulations, as specified herein, was negligent and caused harm to Cohen and awarding him compensatory damages and any other relief available under law.

Claim #3) Declaring that the failure ofSquires and Rodriguez to adhere to BOP regulations, as specified herein, was negligent and caused harm to Cohen and awarding him compensatory damages and any other relief available under law.

4

Claim #4) Declaring that the failure of Rivera, Squires, Rodriguez, and Howell to adhere to BOP regulations, as specified herein, was negligent and caused harm to Cohen and award him compensatory damages and any other relief available under law.

Claim #5) Declaring that the failure of Entzel, Hudgins, and Wolfe to adhere to BOP regulations, as specified herein, was negligent and caused harm to Cohen and award him compensatory damages and any other relief available under law.

Claim #6) Declaring that the conduct of Anderson and McCoy was not in compliance with BOP regulations and policies and their conduct was negligent which caused harm to Cohen and award him compensatory damages and any other relief available under law.